Chief Justice Robertson
delivered the Opinion of the Court.
This is an action of covenant instituted by James E. Davis, against Thomas Tibbats and Charles Humphreys, on the following covenant.
“Know all men by these presents, that we, Thomas Tibbats and Charles Humphreys, are held and firmly bound unto Robert Russel, sheriff of Fayette county, and James E. Davis, D. S. for R. Russel S. F. C. in the just and full sum of $500,” &c. &c. (dated 7th June 1819.)
“The condition of the above obligation is such, that whereas T. Tibbats recovered judgment in the Favette circuit court, against Chs. Edwards for $¡131 82| &c. &c. and whereas the said Tibbats issued an execution on said judgment, which execution was duly received by James E. Davis, D. S. for said Russel, and levied on the household and Kitchen *265 furniture of said Edwards, and said Davis, D. S. advertised the same for sale on the 7th of June, 1819, now if the said T. Tibhats and Charles ■phreys shall well and truly indemnify and save harmless the said R. Russel, S. F. C. and the said James E. Davis, D. S. from all suits, damages, and costs to be recovered and sustained in consequence of said levy and sale, and pay the same as soon as •they shall be recovered against said Russel or Davis, as sheriff or. otherwise, then the above obligation to be void, else to remain in full forre and virtue.”
liento! sheriff for taking pro-which was the wT ma° be8valid.ma^
*265 THOMAS TIBBATS, Seal.
CH. HUMPHREYS, Seal.
The declaration avers that Davis, in consequence of the foregoing covenant for his indemnity, sold the property therein referred to, and that, after-wards, Combs and Shrieve, (strangers to the execution) who claimed the property as belonging to them, and not to Edwards, sued him ( Davis) in trover and conversion, and recovered a judgment for $406 -damages and $37 2 cts costs.
The circuit court sustained a demurrer to the declaration.
We cannot perceive any sufficient reason for sustaining the demurrer, unless the covenant be deemed illegal, or unless it was necessary that Russel should have united as co-plaintiff in the action. But neither of these positions can be maintained.
1st. There is nothing in the condition or consideration of the covenant-incompatible with public policy, or good morals, or any statutory provision, or any principle of the common law. If the property on which the execution had been levied was not subject to sale, the officer was not bound to sell it; and had a moral as well as legal right to require from the creditor an indemnity. It is true that the sale of the property by the officer, was an unlawful act; and it is also true, as a general proposition, that if either the undertaking of a party, or the consideration therefor, be unlawful, the contract is void according to the principles of the common law. a promise to indemnify a sheriff for taking property finder a fieri facias, not subject to the writ, has been *266 excepted from the operation of the general rule, and may therefore be valid; Cro. Ja. 6'52. This exception is the more reasonable when the sheriff acted in good faith without a knowledge of the fact that the property was not liable.
Brown and Morehead, for plaintiff; Chinn and Hoggin, for defendants.
According to the established construction of a s^atu^e 0f this state, it is the duty of a sheriff, if indemnified, to sell property, even after a jury empannelled to try the right, shall have decided that it is not subject to sale under the fieri facias which he had levied upon it. Then why may he not take a bond of indemnity for selling property which had never been ascertained not to be liable, but which in fact, was not liable? Justice and sound policy require that such bonds, when in other respects fair and legal, should be valid; and hence they have been declared to be so.
2d. Although there are two covenantees the covenant to each is several, and Davis alone has a right to complain of the breach charged in the declaration. Russel has sustained no loss or damage whatever, and would have no right to sue on the covenant.
Wherefore, as the declaration contains averments sufficient to maintain the action, the circuit court erred in sustaining the demurrer to it.
Judgment reversed and cause remanded with instructions to overrule the demurrer.